Max S. Morgan, Esq.
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel.: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

| | |
|---|---|
| ELI REISMAN, *individually, and on behalf of himself and others similarly situated,*<br><br>*Plaintiff*<br><br>v.<br><br>MALWAREBYTES, INC.,<br><br>*Defendant*. | Civil Action No.<br><br>CLASS ACTION COMPLAINT |

## INTRODUCTION

1. This action arises out of the illegal marketing practices of Defendant Malwarebytes, Inc. ("Malwarebytes" or "Defendant") that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2. Malwarebytes markets and sells downloadable computer software for identifying and removing malware, spyware, and computer viruses.

3. Malwarebytes markets its products through deceptive means.

4. For example, Malwarebytes, or its affiliates or marketing partners, will send unsolicited text messages to consumers residential telephones that include links

that when clicked drive the consumer to websites that purport to "scan" the consumer's device and report to the consumer that their device is infected with various viruses, spyware and/or malware, when in fact they are not. Malwarebytes will then offer its products or services to fix these phantom security issues.

5. Malwarebytes uses these tactics to prey on consumers' privacy fears and the threat that their devices are compromised.

6. Maywarebytes and/or its affiliates and partners continue to send illegal telemarketing text messages even after Malwarebytes is notified of these illegal practices and receives complaints of the same.

7. Malwarebytes has been aware of this practice and, as demonstrated by the continued messages to Plaintiff, has allowed it to continue because it financially benefits Malwarebytes.

8. Accordingly, Plaintiff brings this action on behalf of himself and a Class of similarly situated individuals.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

10. This Court has jurisdiction over Malwarebytes because Malwarebytes conducts business transactions in this District and targeted a resident of this District with its illegal telemarketing campaign by sending illegal unsolicited messages into

this District.

11. Venue is proper in this District because Defendant targeted a resident of this District and sent illegal messages into this District and because some of the wrongful conduct giving rise to this case occurred in and/or was directed from this District.

## PARTIES

12. Plaintiff Eli Reisman ("Mr. Reisman" or "Plaintiff") is, and at all times mentioned herein was, a citizen and resident of Edison, New Jersey.

13. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

14. Malwarebytes is, and at all times mentioned herein was, a corporation organized and existing under the laws of the state of Delaware with a principal office address located at 2445 Augustine Drive, Suite 550, Santa Clara, CA 95054.

15. Malwarebytes may be served via its registered agent, Incorp Services, Inc. located at 131 Continental Drive, Suite 301, Newark, Delaware 19713.

16. Malwarebytes is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

## TCPA BACKGROUND

17. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted

telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

***National Do-Not-Call Registry***

18. The TCPA establishes a national "do not call" database of numbers not to be called. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

19. These regulations are codified at 47 C.F.R. §§ 64.1200(c)(1)-(2).

20. Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

21. A violation of 47 C.F.R. § 64.1200(c) carries statutory damages of $500 to $1,500 per call, pursuant to § 227(c) of the TCPA.

**FACTUAL ALLEGATIONS**

22. Plaintiff is the user of his personal cellular telephone number (848)-XXX-0570.

23. Plaintiff's cellular telephone number has been registered on the

National Do-Not-Call Registry since July 19, 2023.

24. Plaintiff registered his telephone number on the National Do-Not-Call Registry because he did not want unsolicited telemarketing calls and text messages, such as the ones at issue in this case.

25. On or about October 25, 2023, as shown below, Plaintiff began receiving telemarketing text messages from Malwarebytes or one of Malwarebytes' unidentified affiliate marketers:




26. The message appeared to come from telephone number (514) 294-

5669.[1]

27. The message included a link, that when clicked directed Plaintiff's telephone's browser to a website that purportedly started to scan his device for "Privacy Leakage":




28. The website then advised Plaintiff that it detected "(28) security threats" that required "[i]mmediate action . . . to avoid data leakage, network spoofing, phishing attacks, spyware and improper session handling:"

[1] Upon information and belief, all of the telephone numbers identified on Plaintiff's and putative class members' caller IDs were "spoofed" to conceal the identity of the caller. "Spoofing occurs when caller ID information is manipulated or altered to display anything other than the originating telephone number. The Truth in Caller ID Act of 2009 and the Commission rules prohibit any individual from falsifying or misrepresenting his or her caller ID information with the intent to defraud, cause harm, or wrongfully obtain anything of value." *In the Matter of Affordable Enterprises of Arizona, LLC.*, 35 F.C.C. Rcd. 12142, 12142 (2020).




29. When Plaintiff clicked on the “Fix Now” button, he was routed to Defendant’s website where he was presented with a “Special Offer” of 2 years for $78.73:



30. Plaintiff wrote to Defendant's support team at support@malwarebytes.org and advised Defendant that he received the message, provided the content of the message, and alerted Defendant that the message was unwanted, upsetting and deceptive.

31. Plaintiff requested that Defendant advise him how Defendant obtained his telephone number to market to him.

32. Plaintiff requested that Defendant's attorney contact him to discuss the matter.

33. Defendant did not respond to Plaintiff's message.

34. Despite being alerted to the deceptive marketing campaign, Defendant allowed it to continue.

35. On or about December 6, 2023, as shown below, Plaintiff received the following telemarketing text messages from Malwarebytes or one of Malwarebytes' unidentified affiliate marketers:



36. The message appeared to come from telephone number (647) 807-7413.

37. The message included a link, that when clicked directed Plaintiff's telephone's browser to a website that stated "[a] dangerous link is found in your text message" and provided Plaintiff with a call to action button "Fix Now".

38. When Plaintiff clicked the button, his browser was directed to the "Security Protection Center" which alerted him that his device "might have (27) security threats" and provided Plaintiff with a "Repair Now" button.




39. When the Repair Now button was clicked, Plaintiff's browser was directed to Defendant's website where he could purchase Defendant's security

products.




40. On December 15, 2023, as shown below, Plaintiff received the following telemarketing text messages from Malwarebytes or one of Malwarebytes' unidentified affiliate marketer:



41. The message appeared to come from telephone number (343) 401-8650.

42. The message included a link, that when clicked directed Plaintiff's telephone's browser to a website that stated "[a] dangerous link is found in your text message" and provided Plaintiff with a call to action button "Fix Now".




43. When Plaintiff clicked the button, his browser was directed to the "Security Protection Center" which alerted him that his device "might have (27) security threats" and provided Plaintiff with a "Repair Now" button.




44. When the Repair Now button was clicked, Plaintiff's browser was directed to Defendant's website where he could purchase Defendant's security products.



45. On December 19, 2023, as shown below, Plaintiff received the following telemarketing text messages from Malwarebytes or one of Malwarebytes' unidentified affiliate marketer:




46. The message appeared to come from telephone number (742) 887-0699.

47. The message included a link, that when clicked directed Plaintiff's telephone's browser to a website that stated "[a] dangerous link is found in your text message" and provided Plaintiff with a call to action button "Fix Now".




48. When Plaintiff clicked the button, his browser was directed to the "Security Protection Center" which alerted him that his device "might have (27) security threats" and provided Plaintiff with a "Repair Now" button.



49. When the Repair Now button was clicked, Plaintiff's browser was directed to Defendant's website where he could purchase Defendant's security products.




50. Plaintiff did not provide prior express invitation or permission or consent for the text messages he received.

51. Malwarebytes's violations were willful and knowing, or its actions and omissions were, at a minimum, negligent.

52. Plaintiff and Class members were damaged by Malwarebytes's actions and omissions alleged herein. In addition to wasting their cellular data, storage, and battery life, Malwarebytes committed an invasion of privacy, causing Plaintiff and Class members aggravation, annoyance, frustration, distraction, intrusion upon

seclusion, and violations of their substantive statutory rights under the TCPA to remain free of unsolicited calls and text messages. Plaintiff's and Class members' privacy was unlawfully invaded, Malwarebytes's text messages temporarily seized and trespassed upon the use of their phones, and Plaintiff and Class members were forced to divert attention away from other activities, including work, family, and personal activities, to address the unwanted text messages. Malwarebytes's telephone messages were annoying and a nuisance and wasted the time of Plaintiff and Class members. *See, e.g.*, *Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to telemarketing calls).

## MALWAREBYTES' LIABILITY

53. Malwarebytes and/or its third-party affiliates or partners acting on Malwarebytes's behalf sent two or more telephone solicitations in a 12-month period to Plaintiff and Class members, whose numbers were on the National Do-Not-Call Registry at the time of the text messages and for 31 days prior to the text messages, in violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(c).

54. Accordingly, for violations of 47 C.F.R. § 64.1200(c), Plaintiff and Class members are entitled to $500 per call, pursuant to 47 U.S.C. § 227(c). Plaintiff and Class members are entitled to up to $1,500 per call if Malwarebytes' actions are found to be knowing or willful.

55. Malwarebytes, directly, individually, jointly, and/or in concert with its

third-party affiliates, or through other persons, entities or agents acting on its behalf, conspired to, agreed to, contributed to, authorized, facilitated, assisted with, ratified, turned a blind eye to, and/or otherwise caused all of the wrongful acts and omissions, including the dissemination of the unsolicited text messages that are the subject matter of this Complaint.

56. For example, Malwarebytes is directly liable for the text messages that Malwarebytes sent itself.

57. Upon information and belief Malwarebytes sent the text messages itself because the links in the messages drove traffic to websites that resulted in a consumer landing at Malwarebytes websites to purchase products to fix a fictious problem with their device.

58. Even if Malwarebytes outsourced its illegal texting campaigns to third-party affiliates or partners, it is vicariously liable for calls that violate the TCPA.

59. Malwarebytes is liable for its third-party affiliates or partners' actions because it took steps to cause the texts to be sent, and because the texts were sent pursuant to Malwarebytes's actual authority, apparent authority and/or ratification.

60. On May 9, 2013, the FCC's Declaratory Ruling confirmed that sellers may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were

> judgment proof, unidentifiable, or located outside of the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain relief. As the FTC noted, because [s]ellers may have thousands of "independent" marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy.

*In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules, 28 FCC Rcd. 6574, at ¶ 37 (2013) ("FCC 2013 Ruling"),* 28 FCC Rcd at 6588 (¶37) (internal citations omitted).

61. Moreover, the *FCC 2013 Ruling* rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires formal agency and immediate direction and control over third parties who place a telemarketing call. *Id.* at 6587 n. 107. These rulings are entitled to deference under applicable principles of agency law given their reliance on and application of federal common law. *See Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1072 (9th Cir. 2019) (applying federal common law of agency in TCPA case as stated in Restatement (Third) of Agency).

62. To the extent Malwarebytes utilized third parties to send the messages, Malwarebytes exercised actual authority over the affiliates and partners who directly texted Plaintiff. Malwarebytes authorized its third-party affiliate marketers and/or partners to solicit customers on its behalf via direct solicitation, specifically through

text messaging.

63. In addition, after receiving Plaintiff's complaint, Malwarebyets could have itself, or to the extent it used third parties to send text messages, directed its third-party affiliate marketers or partners to immediately cease and desist from sending Plaintiff text messages advertising its products when Plaintiff or prior consumers contacted Malwarebytes complaining about the unlawful conduct.

64. Because Plaintiff continued to receive unwanted text messages, Malwarebytes took no such action to prevent the illegal marketing tactics of its marketing team and/or its third-party affiliates or partners, when it was aware of facts that would prompt a reasonably prudent person to inquire whether its affiliates and partners were violating the law and take necessary action to stop the action—or the very least, stop rewarding the actions and accepting its benefits.

65. Accordingly, by failing to promptly remedy and prevent further illegal conduct after the disclosure of sufficient information to do so, Malwarebytes continued to ratify the unlawful conduct of its marketing team and/or its affiliates and partners.

66. Malwarebytes was aware that its marketing team and/or affiliates and partners used unsolicited text messaging marketing to solicit customers on its behalf. It turned a blind eye to the conduct and knowingly accepted the benefits of this unlawful conduct because it is highly profitable.

## CLASS ACTION ALLEGATIONS

67. Plaintiff brings this action under Fed. R. Civ. P. 23(b)(3) on behalf of the proposed class (collectively, the "Class"), defined as follows:

> **National Do-Not-Call Class**: Plaintiff and all persons within the United States (1) to whose telephone number Malwarebytes sent (or had sent on its behalf) two or more text messages in a 12-month period (2) when the telephone number to which the text messages were sent was on the National Do-Not-Call Registry for 31 days or more at the time of the text messages, (3) where the text messages included a link to a website the same or substantially similar to those identified in the Complaint, (4) from four years prior to the filing of the Complaint through class certification.

68. Excluded from the Class is Malwarebytes and any entities in which Malwarebytes has a controlling interest; Malwarebytes' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families; and any claims for personal injury, wrongful death, and/or emotional distress.

69. The Class members for whose benefit this action is brought are so numerous that joinder of all members is impracticable. Upon information and belief, the Class comprises thousands of individuals.

70. Malwarebytes' records and records kept by third parties will reveal the precise number of Class members.

71. The exact number and identities of the people within the Class are ascertainable in that Malwarebytes and/or third parties maintain written and electronically stored data showing:

a. The time period(s) during which Malwarebytes or its agent(s) sent the text messages at issue;

b. The telephone numbers to which Malwarebytes or its agent(s) sent the text messages at issue;

c. The telephone numbers for which Malwarebytes had prior express written consent;

d. The purposes of such text messages; and

e. The names and addresses of Class members.

72. There are common questions of law and fact affecting the rights of Class members, including, *inter alia*, the following:

a. Whether Malwarebytes (or someone acting on its behalf) sends telemarketing text messages;

b. Whether Malwarebytes (or someone acting on its behalf) obtains prior express written consent to send text messages;

c. Whether Malwarebytes or the entities with which they contract send solicitation text messages to telephone numbers registered on the National Do-Not-Call Registry;

d. Whether Malwarebytes had the required policies and procedures prior to sending telemarketing text messages;

e. Whether Malwarebytes' statutory violations were willful and knowing; and

f. Whether Malwarebytes should be enjoined from engaging in such conduct in the future.

73. Plaintiff is a member of the Class. Malwarebytes sent two or more texts for telemarketing purposes, in a one-year period to his telephone number, while his phone number was registered on the National Do-Not-Call Registry.

74. Plaintiff's claims are typical of the claims of Class members' in that they arise from Malwarebytes' uniform conduct and are based on the same legal theories as these claims.

75. Plaintiff and all Class members have also necessarily suffered concrete harm in addition to statutory damages, as they all spent time tending to Malwarebytes' unwanted messages and suffered a nuisance and an invasion of their privacy.

76. Plaintiff has no interests antagonistic to, or in conflict with, the Class members.

77. Plaintiff is an adequate representative of the Class and will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent him and the Class. Plaintiff is prepared to participate in discovery and depositions and otherwise fulfill his obligations as a Class representative.

78. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications.

79. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each Class member make individual actions uneconomical.

80. Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On behalf of Plaintiff and the National Do-Not-Call Class)**

81. Plaintiff repeats and realleges the allegations in paragraphs 1-80 as if fully set forth herein.

82. Malwarebytes made, or had made on its behalf, telephone solicitations to Plaintiff and National Do-Not-Call Class members' telephone numbers.

83. Plaintiff's and National Do-Not-Call Class members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

84. Plaintiff and National Do-Not-Call Class members each received two or more such calls in a 12-month period when the telephone number to which the telephone calls or texts were made was on the National Do-Not-Call Registry for 31 days or more at the time of the calls/texts.

85. Plaintiff and National Do-Not-Call Class members are entitled to an award of $500 in statutory damages for each telephone solicitation call, pursuant to 47 U.S.C. § 227(c)(5).

86. Plaintiff and National Do-Not-Call Class members are entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class Representative and his counsel as Class Counsel;

B. An order declaring that Malwarebytes' actions, as set out above, violate the statutes referenced herein;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Malwarebytes from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages;

E. An award of treble damages;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and

just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** October 26, 2026

Plaintiff ELI REISMAN, *individually, and on behalf of himself and all others similarly situated,*

By: */s/ Max S. Morgan*______________

Max S. Morgan, Esquire
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

*Counsel for Plaintiff*